UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 92-301-CR-UNGARO-BENAGES/McALILEY

UNITED STATES OF AMERICA,

        Plaintiff,

v.

TERRENCE TOWNS a/k/a TERRY
REESE,

        Defendant.

_____/

**REPORT AND RECOMMENDATION**
**ON SUPERVISED RELEASE REVOCATION**

Pending before this Court is the Superseding Petition for Offender Under Supervision[1] which the Honorable Ursula Ungaro-Benages referred to the undersigned for all necessary and proper action as required by law with respect to whether or not the Defendant's supervised release should be revoked. [DE 468]. This Court conducted an evidentiary hearing on November 14, 2006, at the conclusion of which the Court announced its ruling.

At the hearing the Defendant admitted, in open court, to Violations 3, 4 and 5. The Defendant contested Violations 1 and 2, which charge as follows:

1.      **Violation of Mandatory Condition**, by failing to refrain from violation of the law. On or about *June 2, 2006*, in Miami-Dade County, Florida, the supervised releasee was arrested by the City of Miami Police Department and charged with Count I: Simple Battery, in violation of

---

[1] The U.S. Probation Office has not filed this Superseding Petition, dated October 31, 2006, with the Clerk of the Court. It is directed to do so immediately.

Florida Statute 784.03; Count II. Aggravated Stalking in violation of Florida Statute 784.048(3) (emphasis added).

2.      **<u>Violation of Mandatory Condition</u>**, by failing to refrain from violation of the law.  On or about *January 11, 2006*, in Miami-Dade County, Florida the supervised releasee, was arrested by the City of Miami Police Department and charged with Count I: Battery on a Police Officer, in violation of Florida Statute 784.03; Count II: Aggravated Battery, in violation of Florida Statute 784.048(3) (emphasis added).

Both the June 2, 2006 and January 11, 2006 arrests arise from similar accusations: that the Defendant hit Sabrina Rouse, his former girlfriend and the mother of their young child.  Ms. Rouse and the Defendant testified at the evidentiary hearing regarding the events leading to the Defendant's arrests on these charges.

**1.      Applicable law**

Pursuant to Title 18 U.S.C. § 3583(e)(3), to revoke a defendant's supervised release the Court must find "by a preponderance of the evidence that the defendant violated a condition of supervised release."  The reasons for the revocation and the evidence the court relies on in reaching a decision to revoke supervised release should be either formalized in written findings or orally announced and recorded or transcribed. *United States v. Copeland*, 20 F.3d 412, 414 (11th Cir. 1994).  The Federal Rules of Evidence do not apply in a supervised release revocation hearing. *United States v. Frazier*, 26 F.3d 110, 114 (11th Cir. 1994).  In deciding whether to admit hearsay evidence the court must balance the defendant's right to confront adverse witnesses against the grounds asserted by the government for denying confrontation, and determine that the hearsay is reliable. *Id.*

**2.      Findings of fact**

There is no dispute that for years the Defendant and Ms. Rouse have had a volatile relationship involving physical conflict, nor is there any dispute that, in November 2005 Ms. Rouse secured a state court restraining order limiting the Defendant's contact with Ms. Rouse and their child.  The parties do dispute whether Defendant struck Ms. Rouse on December 4, 2005 and January 11, 2006.

Ms. Rouse testified that on December 4, 2005, when she dropped off a friend (her daughter's godmother) at the friend's home she saw the Defendant nearby, he approached her, argued with her, struck her in the face and hit her as she struggled to get away.  The friend's home was one of the locations the Defendant was prohibited from approaching under the restraining order.  Ms. Rouse reported these allegations to the police, resulting in the Defendant's arrest on June 2, 2006 (Violation 1).

Ms. Rouse also testified that on January 11, 2006 the Defendant walked into her home and into her bathroom, where she was undressed and about to shower, argued with her and struck her in the face (Violation 2).  Ms. Rouse called the police and the Defendant was arrested later that same day.  The Defendant was also prohibited by the restraining order from entering her home.

The Defendant denied that he hit Ms. Rouse on either occasion, although he admitted that at other times he had hit her and destroyed her property.  Both Ms. Rouse and the Defendant agreed that on more than one occasion the Defendant had called the Florida Department of Children and Families (DCF) to report that Ms. Rouse was not properly caring for their child.  DCF conducted investigations but did not find any wrongdoing by Ms.

Rouse, and Ms. Rouse testified that the Defendant's accusations to DCF were unfounded. The Defendant maintained that Ms. Rouse falsely accused him of battery in retaliation for his reports to DCF, and for this and other reasons (such as her lack of independent corroboration) the Defendant urged the Court to not credit her testimony.

Counsel for both parties agreed that the issue for the Court is whether the Defendant, on December 4, 2005 and January 11, 2006, struck or hit Ms. Rouse, which is the underlying conduct for Violations 1 and 2 of the Superseding Petition.  This is thus a question of credibility.  "Credibility determinations are typically the province of the fact finder because the fact finder personally observes the testimony and is thus in a better position than a reviewing court to assess the credibility of witnesses." *United States v. Ramirez-Chilel*, 289 F.3d 744, 749 (11th Cir. 2002), *citing Viehman v. Schweiker*, 679 F.2d 223, 227-28 (11th Cir. 1982) (affirming the role of the fact finder in assessing credibility based upon "the unique position occupied by the fact finder and [the fact finder's] ability to view first-hand the demeanor of the witness").

This Court paid close attention to the testimony of the Defendant and Ms. Rouse and found, by a preponderance of the evidence, Ms. Rouse credible on the essential issue of whether the Defendant hit her on December 4, 2005 and January 11, 2006.  Specifically, this Court finds that the Defendant did hit Ms. Rouse with his fist on those two occasions, and on this basis recommends that the Defendant's supervised release be revoked as to Violations 1 and 2.  This Court specifically incorporates in this Order the reasons it gave in open court on November 14, 2006 for this finding.

This Court does *not* find that the Defendant committed aggravated stalking as alleged

in Violation 1.  At the hearing the Court understood the government to state that this charge is premised on the Defendant's having violated the restraining order on December 4, 2005 when he was present near the home of his child's godmother.  The government did not provide the Court with a copy of the restraining order at the hearing, and the record was not clear as to how close the Defendant was to that residence.  For these reasons the Court announced at the hearing that the government did not present sufficient evidence to establish that the Defendant had violated the restraining order in the manner the government was suggesting.

After the hearing this Court located a copy of the restraining order in materials submitted to chambers by the Probation Office.  The restraining order prohibits the Defendant from engaging in any act of domestic violence against Ms. Rouse, and thus this Court finds that there is a preponderance of the evidence that Defendant violated the restraining order on December 4, 2005 and January 11, 2006.  It remains unclear however, whether the Defendant committed the offense of aggravated stalking.  To the extent this question is important at sentencing, <u>counsel shall address the issue in objections to this Report and Recommendation</u>.

In addition, this Court does *not* find that the Defendant engaged in battery on a police officer as charged in Violation 2.  Government counsel acknowledged it had no evidence to support this charge.

At the evidentiary hearing defense counsel argued that the Defendant's conduct, as found by this Court, amounts to simple battery (as charged in Violation 1), not aggravated battery (as charged in Violation 2).  It appears that simple battery is a misdemeanor and

aggravated battery is a felony, and that this distinction may affect the sentence imposed by this Court. The parties had not anticipated and briefed this issue for this Court; thus it does not offer a recommendation on this matter. <u>Both counsel are directed to review the applicable Florida statutes and meet and confer in an effort to reach agreement on this legal issue before sentencing and, if necessary, to address this in objections to this Report and Recommendation</u>.

3.      **Recommendations**

For the foregoing reasons this Court

RECOMMENDS that Judge Ungaro-Benages find that the Defendant violated the terms of his supervised release and revoke the Defendant's supervised release on all five violations charged in the Superseding Petition of October 31, 2006.

4.      **Deadline for Objections**

The parties may file written objections to this Report and Recommendation with the Honorable Ursula Ungaro-Benages within 10 days of the date of this Report and Recommendation. Failure to file objections timely shall bar the parties from attacking on appeal any factual findings contained herein. *LoConte v. Dugger*, 847 F.2d 745, 749-50 (11th Cir. 1988); *RTC v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993).

RESPECTFULLY SUBMITTED this 15th day of November, 2006.

CHRIS McALILEY
U. S. MAGISTRATE JUDGE

Copies to:

The Honorable Ursula Ungaro-Benages
U.S. Probation
All counsel of record